# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 19, 2013

No. 12-40002
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1084-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Martin Mata was convicted of conspiring to possess at least 50 kilograms of marijuana with intent to distribute and possession of this same type and quantity of drugs with intent to distribute. After receiving a within-guidelines sentence of 96 months in prison and a three-year term of supervised release, he took this appeal. First, he argues that the evidence is insufficient to support his conspiracy conviction because it does not show that he actually entered into an agreement with others to violate federal drug laws.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The parties dispute whether this issue was preserved, but we need not resolve this question because this claim is unavailing regardless whether Mata prevails on his argument concerning the standard of review.

When considering a challenge to the sufficiency of the evidence, we ordinarily ask whether a reasonable trier of fact could find from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995). When reviewing a sufficiency claim, we consider the "evidence and the inferences that may be drawn from it in the light most favorable to the verdict" and determine whether "a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Valdez*, 453 F.3d 252, 256 (5th Cir. 2006) (internal quotation marks and citation omitted). As a general rule, "what a jury is permitted to infer from the evidence in a particular case is governed by a rule of reason, and juries may properly use their common sense in evaluating that evidence." *United States v. Villasenor*, 894 F.2d 1422, 1425 (5th Cir. 1990) (internal brackets, quotation marks, and citation omitted).

Application of these standards in the instant case shows no error in connection with Mata's conspiracy conviction. When viewed, as it must be, in the light most favorable to the verdict, the evidence shows that Mata and others agreed to infringe the drug laws of the United States of America, that he knew of this agreement, and that he freely took part in it. *See United States v. Vasquez*, 677 F.3d 685, 693-94 & n.3 (5th Cir. 2012). Mata's argument that his convictions are infirm because the evidence did not prove his knowledge of the type and quantity of drugs he was transporting is, as he concedes, foreclosed. *See United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).

AFFIRMED.