# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20416
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER DANIEL CURI,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-160-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christopher Daniel Curi pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846, and was sentenced to 70 months of imprisonment and a four-year term of supervised release. On appeal, he argues that the factual basis for his guilty plea was inadequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20416

because the Government failed to prove that he had knowledge of the particular type and quantity of drugs involved in his offense.

As Curi concedes, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), which held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of an § 841 offense. *See also United States v. Mata*, 513 F. App'x 401, 402 (5th Cir. 2013) (relying on *Betancourt* to reject as foreclosed a similar challenge to a drug conspiracy conviction).[1]

Accordingly, Curi's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.

---

[1] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).