# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41259
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1801-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roberto Rodriguez pleaded guilty pursuant to a plea agreement to importing approximately 15 kilograms of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1) and 18 U.S.C. § 2 and was sentenced within the advisory sentencing guidelines range to 57 months of imprisonment and three years of supervised release.  He now asserts that the factual basis for his guilty plea was inadequate because the Government failed to meet its obligation to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41259

prove that he had knowledge of the particular type and quantity of controlled substance involved in his offense.

As Rodriguez concedes, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), which held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 offense. *See also United States v. Mata*, 513 F. App'x 401, 402 (5th Cir. 2013) (rejecting a similar challenge to a drug conspiracy conviction as foreclosed by *Betancourt*); *United States v. Zuniga-Martinez*, 512 F. App'x 428, 428-29 (5th Cir. 2013) (rejecting a similar challenge to a conviction for importing a controlled substance into the United States as foreclosed by *Betancourt*).[1]

Accordingly, Rodriguez's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.

---

[1] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).